Perry Edward SMITH, Petitioner,

v.

Tracy A. HAND, Warden et al., Respondents.

No. 3253 H. C.

United States District Court
D. Kansas.

Aug. 9, 1961.

Perry Edward Smith, pro se.

No appearance for respondent.

ARTHUR J. STANLEY, Jr., District Judge.

The petitioner, Perry Edward Smith, now in the custody of the respondent pursuant to the judgment of a State court of Kansas, has submitted his application for a writ of habeas corpus. He seeks to proceed in forma pauperis under the provisions of 28 U.S.C.A. § 1915, and presents a sufficient affidavit of poverty. The letter transmitting his application, and letters from the petitioner subsequently mailed to a judge of this court will be treated as supplemental to the application and considered with it.

By means of one of his letters, the petitioner forwarded for attachment to his application a certified copy of the information, charging him in four counts with

murder in the first degree, and a certified copy of the journal entry of judgment reciting his trial and conviction and the judgment and sentence of the trial court. In his application, the petitioner avers that the judgment was affirmed by the Supreme Court of Kansas on July 8, 1961.

In his letter dated July 11, 1961, the petitioner states that his motion for rehearing has been mailed to the Supreme Court of Kansas and:

> "Since Brief of Appellants Pro-Se and Amicus Curiae was completely abrogated and ignored on Appeal to Sup. Crt. of Kan. It appears that further chicanery will be developed by Kansas in action for Rehearing and Brief of Appellants for Rehearing already in the U. S. Mail to that Court, and an early date of execution made to block any Appeal to U. S. Sup. Crt. with case.

> "Obviously Kansas intends to carry 'bill of attainder' proceedings in Case to its ultimatum as quickly as possible to cover up the abridgment of 1st. Sec. of Bill of Rights in Kansas, providing the 'inalienable right to life.'

> "Therefore I submit habeas corpus at this early date to avoid further chicanery by Kansas, to administrate the totally unadministrative law Sec. 21–403 G. S. of Kansas, which also is Unconstitutional."

■ This court's first duty upon receipt of an application for writ of habeas corpus is to examine it for the purpose of determining whether the facts alleged in the application, if true, warrant the issuance of a writ. If it appears from the application itself that the petitioner is not entitled to the writ, and no unusual circumstances requiring a hearing are presented, the writ should not issue. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Ex parte Quirin, 317 U.S. 1, 63 S.Ct. 1, 87 L.Ed. 3 (1942).

■ The petitioner is in custody pursuant to the judgment of a State court and a writ should not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.S.A. § 2254.

Here, the application itself discloses that a motion for rehearing is now pending in the Supreme Court of Kansas. Unless, therefore, it can be said that there exist circumstances rendering such process ineffective to protect the rights of the petitioner, a writ may not issue.

■ Petitioner's allegation that "further chicanery will be developed by Kansas" cannot be accepted as a factual allegation that such circumstances exist. Title 28 U.S.C.A. § 2242 requires that an application for writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention * *."

■ The doctrine of exhaustion of state remedies is designed to eliminate, or at least to limit, an area of potential conflict betwen federal and state power. Even before the enactment of Section 2254, federal courts had developed the doctrine as a matter of comity. (See 1 Moore's Federal Practice 2704). The Supreme Court of Kansas is just as interested in the preservation of the constitutional rights of the petitioner as is this court or any court of the federal system. It will not be presumed that "the decision of the state court would be otherwise than is required by the fundamental law of the land, or that it would disregard the settled principles of constitutional law * * *." Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950).

■ I find that it appears from the application itself that the petitioner has not exhausted the remedies available to him in the courts of Kansas; that there is neither an absence of available State corrective process nor the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

It Is Ordered that the petitioner be permitted to prosecute the above-entitled action without prepayment of fees or costs.

It Is Further Ordered that the petitioner's application for a writ of habeas corpus be and it hereby is denied.

It Is Further Ordered that the clerk of this court transmit a certified copy of this memorandum of decision and judgment to the petitioner, to the respondent, and to the Attorney General of Kansas, and that the clerk file the petitioner's application for writ of habeas corpus and all letters and documents submitted by the petitioner.